UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
    Plaintiff

**MEMO ENDORSED**

v.

Case No. 15 CR 00176 (KMK)

ROHARIL CRUZ,
    Defendant

---

MOTION TO REQUEST TERMINATION OF SUPERVISED RELEASE PURSUANT
TO 18 U.S.C. SECTION 3583(e)(1)

---

Comes now Richard Roharil Cruz, pro se, defendant, ("Cruz" herein) to respectfully request this Court terminate the remaining portion of his supervised release.

In support thereof Cruz puts forth the following.

JURISDICTION:

This Court has jurisdiction pursuant to 18 U.S.C. Section 3583(e) to "terminate a term of supervised release...[at] any time after one year of supervised release pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation..." Id. See also, 18 U.S.C. Section 3564(c), both incorporating Federal Rules of Criminal Procedure (i.e. Rule 32.1(c)).

1

## RELEVANT FACTUAL BACKGROUND

Cruz was arrested on or about March 24, 2015 and charged with violating federal drug laws,(i.e. Conspiracy to possess with intent to distribute narcotics, prescription pills), pursuant to 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). Cruz ultimately pled guilty to the charges and in or about May 23, 2016 he was sentenced to 57 months of incarceration and 3 years of supervised release.

While incarcerated Cruz participated in numerous programs while at FCI Allenwood, including the 500 Residential Drug Abuse Program (RDAP). Cruz had excellent work record and progress reports while incarcerated and also began to mentor youths assisting them with GED tutoring, health awareness and programs that teach how to become an entrepreneur.

In or about May, 2019 Cruz was released and began his 3 year term of supervised release. Cruz secured a job almost immediately working at the Boro Hotel in Queens, New York, working as a maintenance man. Several months later Cruz was secured a higher paying job at BTL Payrolls, at 7 Penn Plaza, New York, NY. BTL Payrolls is a film production company that produces and directs major films, and television shows. Cruz is employed as the head parking attendant, responsible for managing and maintaining the parking for the vehicles of all of the company's vehicles and those of the performers involved in the production of the films and television shows. Cruz is responsible for the location of vehicles at production sites and their return to the facility at the end of each day. Cruz was performing well and began putting in extra hours In the evening delivering for Uber Eats and Post Mate, using his own vehicle.

After the pandemic (i.e. COVID-19) hit his community very hard, Cruz volunteered to deliver to food, medicine and other essentials, without pay, to the elderly in his community. Cruz has maintained his employment at BTL Payrolls and continues to perform volunteer work during the heightened

pandemic from his own vehicle for elderly persons in his community who are unable to move freely on their own.

By happenstance, the volunteer services Cruz has provided in the community has turned into a business opportunity. Several stores would like for Cruz to become a permanent driver to pick up their supplies from various suppliers. However, the job entails Cruz traveling interstate on many occasions. His supervised release does not permit him to travel outside the district without prior permission. The permission process takes up to 45 days. Thus, Cruz is seeking termination of supervised release to be able to take the opportunity that has been offered to him.

Cruz has an excellent family support system that has assisted him in his positive transition back into society. He lives with his family in the Bronx. He has one child (10 year daughter) who he spends time with every week. Cruz and some family members would like to put their funds together and purchase a used truck and open their own company. Based on his prior delivery experience and volunteer work Cruz is able to secure a few contracts immediately. As stated above, Cruz was able to secure contracts on his own, if he can have his supervision terminated because they would require him to drive outside of the district of supervised release. Currently, Cruz is still employed by BTL Payrolls and is still performing the volunteer service to the elderly in his community, which is maintaining contact with the stores seeking to give him private contracts.

Cruz has completed approximately 22 months of his 36 month term of supervised release. His conduct has been good as he has complied with all of the terms and conditions of supervision as stated by his Probation Officer, Mr. Walsh, Infra. As such, Cruz's probation officer, Robert Walsh, has recommended that he file for early termination supervised release, based on Cruz's overall compliance with the terms and conditions in addition to his commitment to becoming a better person. Cruz has been classified as "low intensity" nearly the entire period of his supervised release. Cruz has maintained gainful employment throughout his supervision working at the jobs listed above, and

3

continuous volunteer work as COVID-19 has had a second spike and his community is in dire need of assistance.

APPLICABLE LAW:

Title 18 U.S.C. Section 3583(e) directs courts to consider the purposes of sentencing set forth in 18 U.S.C. Section 3553(a)(1), (a)(2)(B), (a)(2)(D), (a)(4), (a)((5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The judicial conference has identified the following criteria to assess eligibility for early termination: "Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. Here, Section 3583(e) sets the eligibility at "any time after the expiration of one year of supervised release." (3583(e)(1)).

The general criteria for assessing whether a statutorily eligible offender should be recommended to the Court as an appropriate candidate for early termination are as follows:

1. stable community reintegration (i.e. residence, family, employment);

2. progressive strides toward supervision objectives and in compliance with all the conditions of supervision;

3. no history of violence (e.g. sexual assaults, predatory behavior or domestic violence);

4. no recent arrest or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

5. no recent evidence of alcohol or drug abuse;

6. no recent psychiatric episodes;

7. no identifiable risk to the safety of any identifiable victim; and

8. no identifiable risk to the public safety based on the Risk Assessment Prediction Index (RPI)

See, Guide to Judiciary Policy, Vol. 8E, Chapter 3, Section 30.10(b), "Early Termination" (Monograph 109) (revised 2010).

4

Pursuant to the policy "there is a presumption in favor of recommending early termination for supervised defendants after the first 18 months if they are not career offenders, sex offenders, or terrorist" and they are "free from moderate or high severity violations." Id. Section 30.10(g).

Courts have long advised early termination of defendants that meet the above criteria, even after the one year period governed by the statute, ante. "Terminating appropriate cases before they reach full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference (Issuing a Memorandum to all United States District Judges, February 16, 2012). Judge Bell's Memorandum in 2012 noted that supervision cost approximately $3,938 per year, per case. This cost has increased exponentially.

Lastly, an Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Thus, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize the public safety." Id.

Applying the above criteria to this case, Cruz's file establishes that he meets this criteria, thus is a candidate for early termination. Cruz has complied with all the terms and conditions of his supervised release. His Probation Officer, Robert Walsh, can attest that he has had no problems throughout his 22 month period and has his recommendation for early termination. Cruz has proven that he is no threat to public safety and, conversely, has been an asset to the community through his volunteer work during this pandemic assisting people in dire need of medical attention.

Moreover, Cruz's age, (i.e. 33 years old, D.O.B. 06/28/1987) and a family person with a daughter and committed to his advancing his family via opening the trucking business, compliance with all the

conditions of supervised release, his additional and continuous work in the community and his exemplary prison record and overall commitment to being a better person, should serve as proof positive of Cruz's' commitment to becoming a better person and substantiate that he has no further interest, whatsoever, in crime and fulfills all the applicable Section 3553(a) factors favoring early termination. Lastly, the opportunity available to Cruz now (i.e. trucking company), may not be there in one year when his supervised release is officially concluded.

Under parallel circumstances the case law favors early termination. See, United States v. Friend, Case No. 13-226 (W.D. PA 2019) (granting early termination of supervised release after Friend had served 21 of 36 months of supervision based on his age, compliance with all the conditions of supervision, although nothing exceptional, but meeting the criteria under Section 3553(a) and "Probation Department agreeing with the request"); United States v. Harris, 258 F. Supp. 3d (D.C. Dist. Ct. 2017) (reducing term of supervised release from 120 months to 60 months, time served after defendant served 5 of his 10 years in compliance with all the standard terms and conditions of supervised release); United States v. Epps, 707 F.3d 337 (D.C. Cir. 2013) (holding that early termination is appropriate where defendant has complied with his standard conditions and relief is warranted under the Section 3553(a) factors); United Stats v. Harris, 689 F. Supp. 2d 692 (S.D.N.Y. 2010) (granting early termination to eliminate obstacles to professional advancement and employment after consideration of the 3553(a) factors)); United States v. Rentas, 573 F. Supp. 2d 801 (S.D.N.Y. 2008) (granting relief finding defendant "law abiding behavior and review of 3553(a) factors favored early termination").

## CONCLUSION

For the foregoing reasons Cruz respectfully requests this Court grant his request for early termination of his remaining term of supervised release.

Respectfully Submitted,

*[signature]*
Roharil Cruz, pro se
809 Elton Avenue,
Apt. C
Bronx, NY 10451

2/22/201
Dated

Application for early termination of supervised release is denied without prejudice. While compliance with supervised release conditions is commendable, it is also expected and not extraordinary. Good deeds, like those of Mr. Cruz, are also commendable, but not extraordinary. Mr. Cruz has over 1/3 of his supervised release time remaning to be served and his criminal conduct merits the full service of that time. In terms of the business opportunity that Mr. Cruz discusses, it is wanting in support. Instead, there is a vague claim that some businesses want Mr. Cruz to be their driver, suggesting that they do not already have transportation services available to them. If Mr. Cruz can substantiate his claim regarding the business opportunity, he may once again move for early termination.

So Ordered.

*[signature]*

4/5/21

7

## CERTIFICATE OF SERVICE

I, Roharil Cruz declare that on this 28th day of February, 2021 I served a copy of a Motion for Early Termination of Supervised Release, to the following parties:

U.S. Attorneys Office
Southern District of New York
1 Saint Andrews Plaza
New York, NY 10007

I make this declaration with the understanding of the penalty of perjury, pursuant to 28 U.S.C. Section 1746.

Dated this 28th day of February, 2021

*[signature]*

Roharil Cruz, pro se
809 Elton Avenue
Apt. C
Bronx, NY 10451

Roshan Cruz
805 E 4th Ave Apt 4C
Bronx, New York 10451

Clerk of The Court
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007